UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAUL SALUJA,

                            Plaintiff,

                                                        **ORDER**
           -against-                                  CV 06-5051 (SJF)(ARL)

LOCAL 1199 UNITED HEALTHCARE
WORKERS EAST, SEIU, AFL-CIO, et al.,

                            Defendants.

-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      The plaintiff, Paul Saluja, moves by letter application dated October 22, 2007 for an order compelling his former employer, defendant North Shore-Long Island Jewish Health System ("North Shore-LIJ"), to provide documents in response to his requests numbered 12, 14 and 15. North Shore-LIJ opposes the application by letter dated October 26, 2007.[1]

      The requests at issue call for the production of documents relating to the discipline of three other employees at North Shore-LIJ. Defendant North Shore-LIJ objected to these requests on relevancy grounds. According to the defendant, plaintiff's sole claim against it is governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which requires that the plaintiff prove that North Shore-LIJ breached its collective bargaining agreement with the Union by terminating the plaintiff's employment without just cause. Because the discovery sought by the plaintiff pertains to infractions committed by other employees that are different from the incidents for which the plaintiff was discharged, North Shore-LIJ argues that such discovery is irrelevant to the issues in this case. The court agrees with the defendant.

      The Federal Rules state that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b) (1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Here, the court fails to see the relevance of the requested discovery given that plaintiff's claims are brought exclusively under Section 301. Because the "just cause" standard requires that the employer "prove that its discipline or discharge decision is justified by the employee's unsatisfactory performance or misconduct," see Douglas Ray, Understanding Labor Law, at § 3.1 (1999), citing Roger I. Abrams

---

[1] The court notes that plaintiff's application is untimely given the October 5, 2007 discovery deadline. Nevertheless, given the court's preference for deciding cases on their merit together with the fact that the defendant's opposition addresses the substance of the application, the court turns to the discovery requests.

and Dennis R. Nolan, <u>A Theory of Just Cause</u>, 85 Duke L. J. 594 (1985), it appears that the employer's treatment of others is of doubtful relevance. Accordingly, the plaintiff's motion to compel is denied with leave to renew with submission of a memorandum of law on this point.

Dated: Central Islip, New York  
      October 31, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge